

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEARS, ROEBUCK AND CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 2266 ) ) Judge Ronald A. Guzmán |
| NATIONAL LOGISTICS CORPORATION, NATIONAL FREIGHT, INC., LANDSTAR INWAY, INC. and LANDSTAR LOGISTICS INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on: (1) defendant National Logistics Corporation's ("NLC") motion to compel Sears, Roebuck and Co. ("Sears") to join necessary parties pursuant to Federal Rule of Civil Procedure ("Rule") 19(a); (2) Sears' motion to add NLC's president John Staton and Delta Services Corporation ("Delta") as defendants and to amend its complaint; and (3) defendants National Freight, Inc., Landstar Inway, Inc. and Landstar Logistics, Inc.'s ("the carrier-defendants") motion to add Delta as a third-party defendant and to amend their cross-claim. For the reasons set forth below, the Court denies NLC's motion to compel joinder and grants the motions to add parties and amend.

## Background

In October 1989, Sears Contract Sales ("SCS"), a business unit of Sears, selected NLC to arrange for the shipment of SCS merchandise with various motor carriers. (Compl. ¶¶ 1, 11-12.) NLC and Sears memorialized their agreement in a letter of understanding that states:

> NLC will pay all Contract Sales Freight Bills. NLC will provide Sears with [a] fixed rate for each traffic lane. These rates are not to exceed our present costs. NLC will be responsible for the difference between actual and the fixed rates provided to SCS.
>
> NLC will invoice Sears weekly for both administrative services and verified freight invoices.

(*Id.*, Ex. 1.)

Pursuant to this agreement, the carrier-defendants submitted freight bills to NLC for payment and, until recently, NLC paid them. (*Id.* ¶ 13.) In early 2005, however, the carrier-defendants told SCS that NLC had not paid them and demanded that SCS do so. (*Id.* ¶¶ 26-27.)

Sears contends that NLC is solely responsible for any unpaid invoices for two reasons: (1) the carriers' contracts are with NLC, not Sears; and (2) SCS paid NLC in full for the carrier invoices NLC submitted to it. (*Id.* ¶¶ 30-32.) Accordingly, Sears seeks an order from this Court declaring that NLC, not Sears, is obligated to pay any amounts due the carrier-defendants. (*Id.* ¶ 35.)

Though the named carrier-defendants have the largest claims for payment, NLC says thirty-two other motor carriers also remain unpaid. (Sears Mem. Opp'n Mot. Join at 3; NLC Mot. Join at 3-4.) NLC contends that this action cannot be justly adjudicated without the thirty-two other carriers and asks the Court to compel their joinder.

Sears opposes NLC's motion for joinder but has filed one of its own. Sears seeks to add Delta, NLC's sister company, and NLC president John Staton as defendants and to assert claims against them for overcharging SCS and looting NLC in favor of Delta. The carrier-defendants also want to add Delta as a defendant and to assert cross-claims against it for breach of contract and unjust enrichment.

## Discussion

### Motion to Compel Joinder

Compulsory joinder is governed by Rule 19, which provides:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party
> . . . .

FED. R. CIV. P. 19(a). Thus, the absent motor carriers are necessary parties, if (1) the existing parties cannot get complete relief unless the absentees are joined, (2) the absentees' ability to protect their interests would be impaired if they are not joined, or (3) the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless the absentees are joined. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). NLC has the burden of establishing that the absent carriers are necessary parties. *Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985, at *3 (N.D. Ill. Dec. 18, 2002).

The absent motor carriers are not necessary for complete relief. In this context, "the term 'complete relief' refers only to 'relief between the persons already parties . . . not [to relief] between a party and the absent person whose joinder is sought.'" *Davis Cos.*, 268 F.3d at 484 (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)). Because the Court can determine whether Sears is obligated to pay the carrier-defendants without considering the absent carriers' claims, joinder of the absentees is not necessary to accord the parties complete relief.

3

*See id.* (resolution of collateral issues is not necessary to accord complete relief to persons already parties).

Next, we must consider whether the absent carriers' ability to protect their interests will be impaired if they are not joined. FED. R. CIV. P. 19(a)(2)(i). Because NLC contracted separately with each carrier, Sears says a decision in this case will not impact the absent the carriers' interests at all.

NLC argues that the bills of lading pursuant to which most of the goods were shipped control liability, not NLC's contracts with the carriers. Moreover, NLC says, those bills of lading vest Sears with liability. (*See* NLC's Reply Supp. Mot. Compel Joinder at 5 & Ex. 1, 10/25/04 Bill of Lading.) If, however, the Court disagrees, NLC says that determination will have preclusive effect in any litigation between the absent motor carriers and Sears. Because such a result would impair the absent motor carriers' ability to protect their interests, NLC says they must be joined to this suit.

NLC's argument implicates the doctrines of claim and issue preclusion. "Neither doctrine may be asserted against a person who was not a party to the prior action, in privity with a party or otherwise represented by a party." *Borzych v. Frank*, No. 04-C-632-C, 2005 WL 1367212, at *2 (W.D. Wis. June 8, 2005); *see Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 952 (7th Cir. 2000) (stating elements of claim preclusion as an "identity of claims, identity of parties, and a prior final judgment on the merits"); *Gentry v. Duckworth*, 65 F.3d 555, 560 (7th Cir. 1995). (stating that issue preclusion applies if, among other things, "the party against whom issue preclusion is invoked [was] fully represented in the prior action"). The Seventh Circuit has identified a number of factors relevant to determining whether the parties are aligned closely enough for either doctrine to apply. They include: "how closely the [parties'] interests coincide

and the role the absentees played in the earlier litigation"; whether there is "a formal kind of successor interest . . . [or] some indication . . . that the second party was aware that the first litigation was going on and that the earlier litigation would resolve its claims"; and whether "the second party . . . participated or had a legal duty to participate [in the first litigation]." *Tice v. Am. Airlines*, 162 F.3d 966, 973-74 (7th Cir. 1998).

NLC has not offered any evidence to suggest that the defendant-carriers are the functional representatives of the absent carriers. NLC asserts that "[a]ll but a *de minimis* number of [shipments] for which the thirty-five motor carriers . . . seek payment moved pursuant to a 'Uniform Straight Bill of Lading,'" *see* NLC's reply at 5, but it offers no evidence to support that assertion. Further, NLC does not quantify *de minimis*, identify the carrier or carriers involved in the *de minimis* shipments, disclose the total amount of each carrier's claim or explain whether the amount of a carrier's claims impacts its interest in this suit. NLC also does not say whether the absent carriers have any behind-the-scenes involvement in this case or if they are even aware of it. Given the dearth of information provided by NLC, the Court cannot conclude that the absent carriers will be precluded from litigating their claims, and thus that their interests will be impaired if they are not joined to this case.

Rule 19 also requires that an absent party be joined if he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [his] absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED. R. CIV. P. 19(a)(2)(ii). NLC says it could incur inconsistent obligations if this case is decided without the other carriers because different courts could decide the liability issue differently.

The unstated premise of NLC's argument is that "decision" and "obligation" are synonymous. They are not. Some courts may decide that NLC is liable for the amounts due the carriers, others may decide that Sears is liable, and still others may decide that there is no liability or that it rests with a third-party. Under the first scenario, NLC incurs an obligation to a carrier. Under the others it does not, and under no scenario does it incur an obligation to two different parties for the same freight charges. Thus, if the other carriers are not joined to this suit, there may be inconsistent decisions on liability, but NLC will not incur inconsistent obligations. *See Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) ("[A] risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident – *i.e.*, a risk of inconsistent adjudications or results – does not necessitate joinder of all of the parties into one action . . . ."); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301-02 (3rd Cir. 1980) ("Nor does . . . the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the application of Rule 19."); 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 19.03[4][d] (3d ed. 2005) ("It is important to note that the "multiple liability" clause compels joinder of an absentee to avoid inconsistent *obligations*, and not to avoid inconsistent adjudications. . . . Put simply, having to write a check to one claimant and not to another is not the sort of inconsistent obligation the clause addresses . . . ." (emphasis in original)).

In sum, NLC has not demonstrated that the absent carriers are necessary parties within the meaning of Rule 19. NLC's motion for joinder is, therefore, denied.

## Sears' Motion to Add Parties & Amend Complaint

Rule 15 instructs the Court to grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a). That phrase has been interpreted to mean that leave should be given unless the amendment is unreasonably late, would unduly prejudice the opposing party or would be futile. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995). NLC says the motion should be denied because Sears unreasonably delayed filing it.

The proposed amendment stems from Sears' alleged discovery that: (1) NLC was overcharging it for the carriers' services; and (2) NLC's president, John Staton, transferred NLC's assets to Delta, a company distinct from NLC in name only, rendering NLC unable to pay the carriers. NLC says Sears has been aware of these facts since a witness in a similar suit pending in Washington testified about them in a November 2004 deposition. Because Sears offers no explanation for its failure to include these claims in its original complaint or to amend its complaint earlier, NLC says the motion should be denied.

Unfortunately, NLC failed to attach to its brief the deposition testimony on which it relies. Thus, there is no indication in the record that Sears knew about the facts underlying its proposed claims for a year before filing this motion.

NLC did, however, disclose the practice that Sears characterizes as overcharging in the counterclaim it filed against Sears in May 2005. In relevant part, the counterclaim says:

> 29. NLC did not know and could not determine what caused the shortage of funds but undertook action to try to secure payment of all carrier and other vendor service bills from cash flow by surcharging each shipment subject to a requirement that surcharges only come from net transportation saving for Sears; that is, unless aggregate transportation costs could be reduced by NLC then rates charged would not be surcharged to provide funds to pay off arrearages.

7

> 30. NLC surcharged $2.00 per billed shipment initially and this amount increased eventually to $20.00 although the aggregate real dollar transportation cost to Sears did not increase but, in many cases, decreased.

(Countercl. ¶¶ 29-30.) Despite its protestations to the contrary, NLC's counterclaim establishes that Sears knew about the alleged overcharges in May 2005, at the latest.

Sears offers no explanation for its six-month delay in seeking to add claims based on the alleged overcharges. Ordinarily, that silence in a case with a looming fact discovery cutoff would doom a motion to amend.

But the proposed amendment is not grounded solely in NLC's alleged overcharges. It is also based on Staton's purported personal involvement in those overcharges and the transfer of NLC's assets to Delta. The counterclaim says nothing about those matters. Indeed, as far as we can tell, Sears first learned about those alleged facts during the September and October 2005 depositions in the Washington case, just a few weeks before it filed this motion.

Given Sears' failure to explain its delay in seeking to add the overcharging claims against NLC, the Court could bar it from adding them. But there is no basis for barring it from adding the overcharge claims against Staton or the alter ego claims against Delta. Moreover, litigating the claims against Staton and Delta will be no more expensive and time-consuming for NLC than litigating all of the proposed claims. Thus, though the Court is troubled by Sears' lack of candor, we will permit Sears to add all of its proposed claims.

## The Carrier-Defendants' Motion to Amend

The carrier-defendants also seek leave to add Delta as a party and to amend their cross-claim to assert breach of contract and unjust enrichment claims against it. NLC says the motion

should be denied because the proposed amendment is based on information the carriers have had for four months.

Even if that is true, and the carriers say that it is not, a delay of four months is not a sufficient basis for denying the motion. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). Rather, "[d]elay must be coupled with some other reason," usually prejudice to the opposing party. *Id.* NLC says it will be prejudiced by the additional discovery burden the proposed amendment will impose. The Court disagrees. The carriers' proposed amendment is based on the same facts as that of Sears, which the Court has allowed. Thus, allowing the carriers to amend will add little, if any, additional discovery to the case.

NLC fares no better with its futility argument. A proposed amendment is futile "if it [c]ould not withstand a motion to dismiss." *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001) (quotation omitted). In other words, if the Court can imagine a set of facts that would entitle the carriers to relief on their proposed claims, the amendment should be allowed. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("[B]ecause it is possible to imagine evidence consistent with the allegations of the complaint that would establish [plaintiff's entitlement to relief], the complaint survives a motion to dismiss under Rule 12(b)(6)."). NLC says the amendment is futile because it is "based entirely upon an erroneous premise." (NLC's Opp'n Carriers' Mot. Amend at 4.) That may be true, but the question at this stage is whether the proposed claims *could* have merit, not whether they actually do. *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002) ("The test for futility does not depend on whether the proposed amendment could . . . be dismissed on a motion for summary judgment . . . [but whether] it could . . . withstand a Rule 12(b)(6) motion to dismiss." (quotation

omitted)). Because the Court can imagine a set of facts that would entitle the carriers to relief, their proposed amendment is not futile.

## Conclusion

For the reasons set forth above, the Court denies NLC's motion to compel joinder [doc. no. 12], grants Sears' motion to amend and add parties [doc. no. 42] and grants the carrier-defendants' motion for leave to file amended cross-claims, for the joinder of an additional defendant and for summons to issue [doc. no. 39].

**SO ORDERED.**  ENTERED: 1/9/06

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States District Judge